Case 2:15-cv-06797-CCC-MF Document 55 Filed 01/08/16 Page 1 of 16 PageID: 1034

**[***FILED UNDER SEAL***]**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEPOMED, INC. and GRÜNENTHAL GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>ACTAVIS ELIZABETH LLC, ACTAVIS, LLC, and ACTAVIS INC.,<br><br>Defendants. | Civil Action No.: 15-6797 (CCC-MF)<br><br>**OPINION**<br><br>**[***FILED UNDER SEAL***]** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on a motion of Defendants Actavis Elizabeth LLC, Actavis, LLC, and Actavis Inc. (collectively, "Defendants" or "Actavis") to dismiss Plaintiffs Depomed, Inc. and Grünenthal GmbH's (collectively, "Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 17.) Plaintiffs filed an opposition to the motion on November 2, 2015. (ECF No. 29.) Defendants filed their reply on November 9, 2015. (ECF No. 31.) The Court heard oral argument on this motion on December 4, 2015. (*See* Tr.[1] 1:11.) Having considered the parties' written submissions and the positions presented at oral argument, for the reasons set forth below the Court grants in part and denies in part Defendants' motion to dismiss.

[1] "Tr." refers to the transcript of the oral argument held on December 4, 2015.

## II. BACKGROUND

Plaintiff is the holder of approved New Drug Application ("NDA") No. 0200533 for tapentadol hydrochloride extended release tablets selling under the brand name NUCYNTA ER®. (Compl. ¶ 4.) NUCYNTA ER® is approved by the FDA for two indications: (1) the management of pain severe enough to require daily, around-the-clock, long-term opioid treatment and for which alternative treatment options are inadequate ("first indication"); and (2) the management of neuropathic pain associated with diabetic peripheral neuropathy ("DPN") in adults severe enough to require daily, around-the-clock, long-term opioid treatment and for which alternative treatment options are inadequate ("second indication"). (Compl. ¶ 6.)

At some point prior to September 17, 2013, Actavis filed Abbreviated New Drug Application ("ANDA") No. 204972 seeking approval from the Food and Drug Administration ("FDA") to commercially manufacture, use, import, offer for sale, and sell generic tapentadol hydrochloride extended release tablets (the "ANDA product"). (Compl. ¶ 30.)

On September 17, 2013, U.S. Patent No. 8,536,130 (the "'130 patent"), entitled "Use of 1 Phenyl-3-dimethylamino-Propane Compounds for Treating Neuropathic Pain," issued. (Compl. ¶ 23.) Plaintiff Grünenthal owns all right, title and interest in the '130 patent and Plaintiff Depomed is an exclusive licensee of the '130 patent. (Compl. ¶¶ 26-27.) After the '130 patent issued, Plaintiffs listed it in the FDA Orange Book[2] in connection with NDA No. 0200533 as a patent which claims a method of using NUCYNTA ER®. (Compl. ¶ 29.)

[redacted]

[2] The "Orange Book" is the common name for the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations*.

Case 2:15-cv-06797-CCC-MF Document 55 Filed 01/08/16 Page 3 of 16 PageID: 1036

[redacted] Plaintiff alleges in the Complaint that the '130 patent ***does*** cover the first indication. Specifically, Plaintiff alleges that the first indication "includes methods of treatment that are specifically claimed by claims 1, 2 and 4 of the '130 patent." (Compl. ¶ 36.)

Plaintiffs filed the Complaint bringing two causes of action for infringement of the '130 patent. Plaintiffs seek: (1) judgment that Actavis has infringed the '130 patent pursuant to 35 U.S.C. § 271(e)(2) by filing an ANDA seeking to market its ANDA product for a use covered by the '130 patent; and (2) declaratory judgment that Actavis's marketing of its ANDA product will infringe the '130 patent under 35 U.S.C. § 271.

Defendants move to dismiss the Complaint. [redacted]

---

3 This is the common term to describe a certification made pursuant to 21 U.S.C § 355(j)(2)(A)(vii)(IV), which certifies that a patent related to a drug is invalid, unenforceable and/or not infringed.

4 [redacted]

Case 2:15-cv-06797-CCC-MF Document 55-2 Filed 01/08/16 Page 4 of 16 PageID: 1037

[redacted] Defendants also contend that Plaintiffs' declaratory judgment claim fails to state a claim for relief and lacks immediacy and reality.

## III. DISCUSSION

### A. Count I - Infringement under § 271(e)(2)

Defendants argue that, as a matter of law, [redacted] is not an act of infringement subject to a lawsuit under 35 U.S.C. § 271(e)(2). (*See* Defs. Opening. Br. at 9-12.) In other words, Defendants argue that for a cause of action for patent infringement to exist under § 271(e)(2), [redacted]

Plaintiffs counter that, [redacted] cause of action for infringement exists under § 271(e)(2). Plaintiffs appear to rely on the plain language of § 271(e)(2), which discusses ANDAs generally. Plaintiffs argue that regardless of the regulatory requirements with respect to patents listed in the Orange Book, Actavis filed an ANDA and it seeks to market a drug product "the use of which is claimed in [the '130] patent." *See* 35 U.S.C. § 271(e)(2)(A).

This precise issue has been addressed numerous times by district courts, including courts in this district. This Court will rely on the reasoning of those courts. In the District of New Jersey, courts have unequivocally held—based on extensive analysis of Supreme Court and Federal Circuit precedent—that the artificial act of infringement created by § 271(e)(2) consists of filing an ANDA [redacted] *See Novo Nordisk Inc. v. Mylan Pharms. Inc.*, No. 09-2445, 2010 U.S. Dist. LEXIS 32569, at *25-33 (D.N.J. Mar. 31, 2010) (analyzing the "statutory scheme that confers jurisdiction and the relevant caselaw interpreting that scheme" and concluding that [redacted] *Eisai Co. v. Mut. Pharm. Co.*, No. 06-3613, 2007 U.S. Dist. LEXIS 93585, [redacted] D.N.J. Dec. 20, 2007) [redacted]

Case 2:15-cv-06797-CCC-MF Document 55 Filed 01/08/16 Page 5 of 16 PageID: 1088

[redacted] *ee also Eli Lilly & Co. v. Medtronic, Inc.*, 496 U.S. 661 (1990) ("That is what is achieved by § 271(e)(2) -- the creation of a highly artificial act of infringement that consists of submitting an ANDA or a paper NDA containing the fourth type of certification . . . ."); *AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370 (Fed. Cir. 2012) [redacted] *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1358 (Fed. Cir. 2003) ("The ANDA provisions now codified at 35 U.S.C. § 271(e)(2)(A) also created an artificial act of infringement that consists of submitting an ANDA containing a certification under [Paragraph IV] . . . ."); *Bristol-Myers Squibb Co. v. Royce Labs., Inc.*, 69 F.3d 1130, 1131 (Fed. Cir. 1995) ("Inclusion of a paragraph IV certification in an ANDA, however, is deemed an act of infringement. The statute, referring to an ANDA containing a paragraph IV certification, states . . . .").

[redacted] there is no cause of action for patent infringement under § 271(e)(2).

Courts have recognized a limited exception to the rule [redacted] in cases where the ANDA filer [redacted] This limited exception addresses the potential problem of a generic drug company foreclosing a patent holder's ability to sue under § 271(e)(2) by simply omitting a

Case 2:15-cv-06797-CCC-MF Document 55 Filed 01/08/16 Page 6 of 16 PageID: 1039

Paragraph IV certification from its ANDA. *See AstraZeneca*, 669 F.3d at 1370; *Novo Nordisk*, 2010 U.S. LEXIS 32569, at *31-32 ("[T]he filing of an ANDA that should include, but does not include, a Paragraph IV Certification nevertheless constitutes an 'act of infringement' which confers jurisdiction under Section 271(e)(2)(A)."); *Marion Merrell Dow, Inc. v. Hoechst-Roussel Pharms., Inc.*, No. 93-5074, 1994 U.S. Dist. LEXIS 10024, at *7 (D.N.J. May 5, 1994) ("[The defendant's] motion to dismiss for lack of jurisdiction must be denied because this Court has jurisdiction to determine whether the patent should have been included in the certification.").

[redacted]

Like *AstraZeneca*, Plaintiffs here make no argument that [redacted] In fact, at oral argument, Plaintiffs made it abundantly clear that their Complaint [redacted] (Tr. 22:13-21, 23:20-24, 26:15-17.) [redacted] (*See* Tr. 14:2-18:16.) [redacted]

Case 2:15-cv-06797-CCC-MF Document 55 Filed 01/08/16 Page 7 of 16 PageID: 1040

[redacted]. (Tr. 22:13-21, 23:20-24, 26:15-17, 31:11-15, 32:8-11, 34:8-13.) Therefore, this case does not fit into the limited exception to the general rule that without a Paragraph IV certification there is no cause of action under § 271(e)(2).

The Court notes that, as a matter of public record, [redacted] for the '130 patent [redacted] (Tr. 31:19-22.) Plaintiffs asserted at oral argument that the [redacted] with the '130 patent was incorrect due to Plaintiffs' own mistake. (Tr. 33:19-34:7.) Plaintiffs used this assertion to support their argument that [redacted] cannot be read to limit the scope of what their patent covers. (Tr. 30:12-31:4, 32:15-17, 33:7-16, 36:14-22.) They contend they should not be precluded from suing under § 271(e)(2) on a claim that [redacted] is claimed in the '130 patent. (*Id.*) However, under similar facts, a court in this district found no cause of action under § 271(e)(2) when the ANDA filer's lack of Paragraph IV certification resulted from the NDA holder's error in listing patents in the Orange Book. *See Eisai*, 2007 U.S. Dist. LEXIS 93585, at * 45-51 ("[Plaintiff] can blame itself for its predicament.").

Under these facts, the law is clear that there is no cause of action for infringement under § 271(e)(2). Count I of the Complaint will be dismissed.

**B. Count II – Declaratory Judgment of Infringement**

In Count II of the Complaint, Plaintiffs seek declaratory judgment that when Actavis begins engaging in the commercial manufacture, use, or sale of the ANDA product, it will infringe the '130 patent. (*See* Compl. ¶¶ 53-62.) Defendants move to dismiss Count II on two bases: first, pursuant to Rule 12(b)(6), it fails to state a viable claim for relief; and second, pursuant to

Rule 12(b)(1), it lacks sufficient immediacy and reality to satisfy the declaratory judgment standard for jurisdiction. The Court will address these arguments in turn.

i. <u>Count II states a viable claim for relief under Rule 12(b)(6).</u>

The premise for Defendants' argument is their contention that the claims of the '130 patent only cover the second indication and ***do not*** cover the NUCYNTA ER® first indication. Defendants argue that, [redacted] they cannot infringe the '130 patent as a matter of law. Defendants point to [redacted] as evidence of what the '130 patent covers. They argue that, as a matter of public policy stemming from the Hatch-Waxman Act, generic drug companies must be able to rely on [redacted] to make informed decisions. Defendants warned the Court that allowing Plaintiffs to move forward on this declaratory judgment claim would create uncertainty for ANDA filers in the future. Finally, Defendants argue that the Complaint has not sufficiently pleaded that Actavis will actively induce infringement under the standard of 35 U.S.C. § 271(b).

Plaintiffs respond that the claims of the '130 patent ***do*** cover the first indication. Plaintiffs contend that, [redacted], Actavis's proposed label will still instruct doctors and patients to use the ANDA product in a way that infringes the patent. They argue that (notwithstanding any regulatory requirements of the FDA, § 271(e), and the Orange Book) their Complaint alleges that Actavis's activities with respect to the ANDA product will actively induce infringement of the claims in the '130 patent that cover the first indication. Plaintiffs also contend that, [redacted] are a guide to what a patent covers, [redacted] cannot determine the scope of a patent claim. Plaintiffs argue they have adequately pleaded a cause of action for declaratory judgment of induced infringement. For the reasons that follow, the Court agrees with Plaintiffs.

Case 2:15-cv-06797-CCC-MF Document 55-7 Filed 01/08/16 Page 9 of 16 PageID: 1042

*1. The scope of the patent claims*

As discussed above, it is a matter of public record that [redacted] for the '130 patent [redacted]. The [redacted] listed for the '130 patent was [redacted], which is [redacted]. Subsequently, [redacted] was changed to the [redacted] which is [redacted] Defendants argue that when Plaintiffs listed [redacted] they put the public on notice that the scope of the claims of the '130 patent does not cover the NUCYNTA ER® first indication. Defendants contend that Plaintiffs precluded themselves from now bringing suit on a contention that it does. The Court concludes that Plaintiffs may proceed with a declaratory judgment action to determine the scope of the claims of the '130 patent.

Defendants seek a determination by this Court at the motion to dismiss phase of the case that, because of [redacted] the claims of the '130 patent are not broad enough to cover the NUCYNTA ER® first indication. However, [redacted] do not definitively determine the meaning and scope of a patent claim. That is a job for the Court. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995) ("[T]he construction of a patent claim is a matter of law exclusively for the court.")

The Court notes that there are three different sets of language at play—(i) the patent claim language, (ii) the NUCYNTA ER® approved indication language, and (iii) [redacted]. The parties submitted numerous exhibits in support of their arguments concerning the scope of, and interplay between, these three sets of language. These exhibits include expert report excerpts, portions of the '130 patent prosecution history, portions of the NUCYNTA ER® NDA, portions of deposition testimony, [redacted]

First, the Court may not consider these extraneous materials in evaluating a motion to dismiss under Rule 12(b)(6). *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Second, and perhaps more importantly, the fact that the parties submitted this voluminous material leads the Court to the conclusion that there are hotly disputed issues of fact as to whether Actavis's marketing of the ANDA product for [redacted] will induce infringement of claims in the '130 patent. The Court cannot resolve those issues on a motion to dismiss under Rule 12(b)(6). *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that, in evaluating a 12(b)(6) motion, the facts alleged must be taken as true and reasonable inferences must be drawn in favor of the plaintiff).

The Court is sensitive to the need for generic drug companies [redacted] making informed decisions about FDA filings. However, ANDA filers are not—and never have been—entitled to rely exclusively [redacted] encompassing authority on the scope of a patent. [redacted]. [redacted] Moreover, in this case, Actavis did benefit to some extent from its reliance [redacted] as discussed above, [redacted] allowed Actavis to forego a Paragraph IV certification and thereby forego all of the procedural requirements involved in a suit under § 271(e)(2). Especially in light of the [redacted], the Court concludes that Plaintiffs are not precluded from taking the position that claims in the '130 patent cover the NUCYNTA ER® first indication.

2. *Induced infringement*

The Court next turns to Defendants' argument that Plaintiffs have not sufficiently pleaded induced infringement to meet the standard of 35 U.S.C. § 271(b). There are four elements in a

Case 2:15-cv-06797-CCC-MF Document 55 Filed 01/08/16 Page 11 of 16 PageID: 1044

claim for induced infringement: (1) direct infringement by an induced party; (2) knowledge of the asserted patents; (3) specific intent to induce; and (4) active inducement of the direct infringer. *Bel Fuse Inc. v. Molex Inc.*, 27 F. Supp. 3d 557, 564 (D.N.J. 2014).

The first element of induced infringement looks at whether there will be direct infringement by an induced party. In this case, that issue turns on the factual question of whether doctors will prescribe (and patients will take) the ANDA product in a manner that directly infringes the '130 patent. At this stage of the proceedings where all factual questions must be resolved in favor of the non-moving party, *see Phillips v. Cnty. of Allegheny*, 515 F.3d at 231, it is sufficient that Plaintiffs have pleaded that doctors and patients will directly infringe. (*See* Compl. ¶¶ 35-36 ("On information and belief, [redacted] for its proposed ANDA Products. . . . [redacted] includes methods of treatment that are specifically claimed by claims 1, 2 and 4 of the '130 Patent."); *see also id.* ¶ 55.) Regarding the second element of inducement, there is obviously no dispute that Actavis will be aware of the '130 patent when it markets and sells its ANDA product.

As to the third and fourth elements of induced infringement under § 271(b), Defendants argue that the Complaint is insufficient because it does not plead facts to show the required intent and does not point to language in Actavis's proposed label that will instruct doctors to prescribe the ANDA product [redacted] Plaintiffs respond that, [redacted]" the proposed label will still induce infringement of certain claims of the '130 patent. (*See* Pls. Opp. Br. at 9.) This argument is supported by the Complaint, which clearly establishes Plaintiffs' theory of infringement that the proposed label will "specifically instruct[] and direct[] doctors to prescribe, pharmacists to dispense, and patients to

Case 2:15-cv-06797-CCC-MF Document 55 Filed 01/08/16 Page 12 of 16 PageID: 1045

use the ANDA products for the treatments and methods claimed by the '130 patent." (Compl. ¶ 38.)[5]

Therefore, at this stage of the proceedings, the Court is satisfied that the Complaint pleads facts sufficient to state a claim as to each of the elements of a claim for induced infringement.

ii. Count II states a claim for declaratory judgment that is sufficiently real and immediate.

"Declaratory judgment actions in the patent area are most commonly brought by potential infringers against patentees seeking a declaration of noninfringement or invalidity or both." *Lang v. Pac. Marine & Supply Co.*, 895 F.2d 761, 763 (Fed. Cir. 1990). "Declarations of infringement sought by patentees against parties who will allegedly infringe in the future have been less frequently requested, but have nevertheless been allowed to proceed." *Id.* (citations omitted). Under the current state of the law, this Court will follow a two-prong test for determining whether it has jurisdiction over a declaratory judgment action brought by a patent holder against a defendant who will allegedly infringe in the future: (1) the defendant must be engaged in an activity directed toward making, selling, or using subject to an infringement charge under 35 U.S.C. § 271, or be making meaningful preparation for such activity; and (2) there must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Eisai Co. v. Mut. Pharm. Co.*, No. 06-3613, 2007 U.S. Dist. LEXIS 93585, at *56-58 (D.N.J. Dec. 20, 2007) (discussing the impact of the Supreme Court's decision in *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) on the Federal

[5] At oral argument, Defendants characterized this as a legal conclusion unsupported by facts. (Tr. 40:24-41:16, 44:11-16.) The Court is hesitant to adopt that characterization. Additionally, there was discussion of the specific instructions in the label to which Plaintiffs are referring (namely, suggestions for use to treat back pain). (*E.g.*, Tr. 22:18-23:1, 41:21-42:22, 60:18-22.) In ruling on a motion to dismiss, the Court will not engage in specific fact-finding as to whether specific types of pain can be classified as polyneuropathic pain.

Case 2:15-cv-06797-CCC-MF Document 55 Filed 01/08/16 Page 13 of 16 PageID: 1046

Circuit's test for declaratory judgment actions brought by a patent holder set forth in *Lang*). Furthermore, even if the Court determines that an actual controversy exists, "the exercise of a court's jurisdiction over a declaratory judgment action is discretionary." *Telectronics Pacing Sys. v. Ventritex, Inc.*, 982 F.2d 1520, 1526 (Fed. Cir. 1992).

Defendants' motion concerning the reality and immediacy of the declaratory judgment claim is made pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, Defendants have made a factual attack (rather than a facial attack) on subject matter jurisdiction. This factual attack involves factual questions regarding the two prongs of the declaratory judgment test set forth above. In evaluating this factual attack, the Court may weigh and consider evidence outside the pleadings. *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

*1. First prong*

Regarding the first prong of the test, the Defendant has been engaged in meaningful preparation for an activity directed toward making and selling its ANDA product, which will be subject to a charge of induced infringement under 35 U.S.C, § 271(b). Although Actavis has not yet obtained final approval for its ANDA, Actavis has received tentative approval. (Compl. ¶ 57.) The receipt of tentative approval is an indication that Actavis has engaged in the FDA approval process. (*Id.*)

Furthermore, while Actavis has not yet made a final decision to commercially launch its ANDA product (and, technically, can only do so once it receives final FDA approval), Actavis has made efforts to put itself in position to launch immediately upon receipt of FDA approval. If nothing else, Actavis's participation in approximately two years of related litigation with respect to its ANDA product (presumably at a considerable expense to the company) constitutes meaningful preparation to launch its ANDA product. *See Teva Pharms. USA v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007) ("[R]elated litigation involving the same technology

and the same parties is relevant in determining whether a justiciable declaratory judgment controversy exists on other related patents.").

2. *Second prong*

As to the second prong of the test, the immediacy of Actavis's launch cannot be denied. Actavis already has tentative approval from the FDA. And the withholding of final approval appears to be due to the automatic thirty-month stay that is in place only because Actavis filed Paragraph IV certifications against other patents owned by Plaintiffs and is currently engaged in active litigation on those patents in a separate action pending before this Court. *See Depomed, Inc., et al. v. Actavis Elizabeth LLC et al.*, 2:13-cv-4507-CCC-MF (D.N.J.) ("Related *Depomed* Litigation"); *see also* 21 U.S.C. § 355(j)(5)(B)(iii) (establishing a thirty-month stay of approval when an ANDA filer is engaged in litigation); 21 U.S.C. § 355(j)(5)(B)(iv)(II)(dd) (defining "tentative approval"). The expiration of the thirty-month stay is rapidly approaching,[6] at which point the FDA is poised to grant final approval. On these facts, FDA approval is sufficiently imminent and Actavis appears to have systematically attempted to meet the applicable regulatory requirements to put itself in position to launch. *See Glaxo Inc. v. Novopharm Ltd.*, 110 F.3d 1562, 1571 (Fed. Cir. 1997).

Furthermore, Plaintiffs note that Actavis has issued public statements indicating that Actavis believes it may be the first applicant to file an ANDA referencing NUCYNTA ER®, and

---

[6] The Court notes that the expiration of the thirty-month stay has been a topic of discussion with the parties, including Actavis, in the Related *Depomed* Litigation. The Court has tentatively informed the parties that in order to provide the parties in the Related *Depomed* Litigation with sufficient time to develop their case, the Court may require some additional time past the expiration of the stay to render its decision. Throughout the discussions, Actavis has sought to ensure that final FDA approval be allowed to promptly occur upon the expiration of the thirty-month stay, regardless of the approach taken to provide the Court with the time necessary to render a decision. It is clear to the Court that Actavis wishes to be in position to launch its ANDA product at the first possible opportunity.

therefore "may be entitled to 180 days of generic market exclusivity." (*See* Pl. Opp. Br., Ex. 8.) Should Actavis fail to launch after final approval, however, Actavis may forfeit that 180-day exclusivity period. *See* 21 U.S.C. § 355(j)(5)(iv). This is yet another indication that Actavis's ANDA product launch is imminent.

### 3. *Discretion of the Court*

Finally, Defendants ask this Court to use its discretion to decline to hear Plaintiffs' declaratory judgment cause of action. (Def. Opening Br. at 18-20.) The Court recognizes Defendants' argument that allowing declaratory judgment actions to go forward in ANDA cases could run counter to the framework established by the Hatch-Waxman Act. However, in this case on these particular facts, the Court cannot agree that such a concern controls the outcome.

The Court has already determined above that Plaintiffs have no cause of action under § 271(e)(2), specifically because the Hatch-Waxman Act ***does not*** create a cause of action in a case with these facts. It would be circular—not to mention, unfair to Plaintiffs—for this Court to leave Plaintiffs without recourse by determining that Plaintiffs cannot bring a cause of action for declaratory judgment because the Hatch-Waxman Act established patent infringement jurisdiction in § 271(e)(2).

Furthermore, the '130 patent is currently being asserted against two other defendants in the Related *Depomed* Litigation. During oral argument, the Court suggested that, because this is not a Paragraph IV case and is not subject to the thirty-month stay, it may not require consolidation with the Related *Depomed* Litigation and rather could be tried separately after the conclusion of the Related *Depomed* Litigation. (Tr. 77:23-78:2.) Actavis, itself, took the position that it would be in its own interest to participate in the initial trial on the '130 patent rather than waiting until after the '130 patent was litigated against the other two defendants. (Tr. 78:4-12.) Actavis also stated that it would be in the interest of the Court to try the '130 patent only once. (Tr. 78:3-4.) If

Case 2:15-cv-06797-CCC-MF Document 55 Filed 01/08/16 Page 16 of 16 PageID: 1049

the Court grants Actavis's instant motion to dismiss, however, it would be dismissing Plaintiffs' case against Actavis now, only to have Plaintiffs potentially refile their lawsuit against Actavis on the '130 patent after the conclusion of the Related *Depomed* Litigation and after Actavis launches its ANDA product. At that point, the lawsuit would involve the same substantive issues on the '130 patent, as well as additional issues with respect to damages. In short, dismissing this case would involve the prospect of litigation over the exact same issues and other avoidable issues in less than a year, which would be inefficient, expensive, and unfair to the parties—concerns which Actavis, itself, raised.

## IV. CONCLUSION

Having reviewed the parties' written submissions and the positions presented at oral argument, the Court grants in part and denies in part Defendants' motion to dismiss. The Court will dismiss Count I of the Complaint. The Court will not dismiss Count Two of the Complaint.

This Opinion will be filed under temporary seal. The Opinion will be unsealed on Monday, February 1, 2016 unless an appropriate motion to seal same (pursuant to Local Rule 5.3(c)) is filed by either side (or jointly) by January 25, 2016.

An appropriate Order accompanies this Opinion.

Dated: January 8, 2016

CLAIRE C. CECCHI, U.S.D.J.